## NEW v. LAWRENCE.

(*Circuit Court, E. D. New York.*   September 16, 1880.)

1. RE-ISSUED PATENT, No. 7,920, for an improvement in constructing water-proof cellars, cisterns, etc., *held* void for want of novelty.

*Erastus New*, for complainant.

*E. H. Brown*, for defendant.

BENEDICT, D. J.   This action is brought for an injunction, and to recover damages for the infringement by the defendant of a patent for an improvement in constructing water-proof cellars, cisterns, etc., re-issued to the plaintiff October 23, 1871, and numbered 7,920.

Among other defences is that of want of novelty, and one of the questions presented under this defence is whether the plaintiff's patent is anticipated by a certain cistern made by W. H. Rankin, at Wilkesbarre, Pensylvania, in 1865, some five or six years before the date of the plaintiff's patent.

On the part of the plaintiff the contention is that the cistern built by Rankin does not anticipate the patent sued on, because, as it is said, "it was not a cellar; it was a cistern. It was a contrivance not to keep water out, but to hold water in."

As my conclusion upon this question is decisive of the case, I confine my observations to these features of the case, and proceed to call attention to the language of the patent sued on, for the purpose of showing its scope.   The specifications of the patent first state that "the invention relates to a new and useful improvement in the construction of sanitary and water-proof cellars, cisterns, vaults, reservoirs, and all under-ground apartments, for whatever purpose," whereby the bottom and walls of such cellars and other places, above mentioned, are kept in a sanitary condition, and are made perfectly impervious to water.   This statement of the subject-matter of the patent, it will be at once observed, referring as it does to cisterns and reservoirs by name, covers not only structures intended to keep water out of under-ground apartments, but also structures intended to contain water.

The specifications next describe the invention as follows: The invention consists in the use of successive layers of roofing felt, asphaltic roofing cement, associated with a layer of concrete or hydraulic cement, combined with gravel or other layers of equivalent material, applied as hereinafter more fully described.

This description would seem intended to convey the idea that a layer of concrete or hydraulic cement, combined with gravel, was one of the essential features of the invention. But this idea is dispelled by a subsequent statement that the employment of a layer of concrete is in all cases optional. It would seem, too, from this description, that the protecting wall or bulwark of mason work or other material suitable to aid in resisting water pressure, which is subsequently mentioned, was not part of the invention. But the subsequent portions of the specifications clearly point to such protecting wall as an essential feature of the invention, and these portions of the specifications may be considered as referred to by the words "applied as hereinafter more fully described," and in the description of the invention, and so intended to form part of that description. The specifications, after having thus described the invention, refer to an accompanying drawing of a cellar, and give a description of the method of constructing, first, the bottom, and then the walls of a cellar, according to the plaintiff's process; but pains are taken to have it understood that the scope of the patent is not limited to the construction of cellars, for the description of a cellar, which is given by way of illustration, is prefaced by the statement: "My invention is not limited to the particular combination of the materials heretofore mentioned and used, as hereinafter set forth;" and is followed by the statement: "As already stated, I do not limit myself to the particular combination, and the application of such materials as hereinafter described. The especial and most useful feature in my invention is the use of the layer of roofing felt and the layers of asphaltic or roofing cement."

The claim is in the following language: "In sanitary water-proof cellars, cisterns, vaults, reservoirs, and similar

under-ground receptacles, formed with a solid or suitable foundation of layers of roofing-felt and of asphaltic or roofing cement, substantially as I have above described, with a layer of concrete, cement, stone, or other suitable material, for the protection of the roofing felt and asphaltic roofing cement, and to aid in resisting water pressure or noxious gases, where the same exist, substantially as for the purpose above set forth."

This claim also, plainly enough, is not confined to structures intended to resist water pressure from without, but is sufficiently broad to cover a cistern intended simply to contain water, whose bottom and sides are constructed in the manner described in the patent.

In the absence of any language pointing to a different conclusion, these provisions of the patent itself compel the conclusion that the patent cannot be understood to be confined to structures intended to resist water pressure from without, but that, on the contrary, it was framed with care, so as to cover and secure to the patentee the exclusive right to construct both cisterns and cellars, by making the bottom and sides of layers of roofing felt, protected by a layer of masonry, or other material sufficient to withstand water pressure, within or without, as the case may be. This understanding of the patent is borne out by language in the original patent, omitted in the re-issue, where it is said: "By this mode of construction, cellars, etc., beneath tide-water, as well as in other localities, may be made water-tight, as well as cisterns and reservoirs."

The construction I have thus given to the plaintiff's patent is fatal to the present action, for it is proved and not denied that the cistern made by Rankin, in Wilkesbarre, long prior to the plaintiff's patent, had bottom and sides formed of layers of roofing felt and roofing cement, protected on the inside by a lining of brick-work. As to the methods of constructing this Wilkesbarre cistern there is no dispute, and the only answer that has been made to the fact is that Rankin made a cistern intended to hold water in, not a cellar intended to keep water out.

But, if I am right in my construction of the patent, this is no answer. Such a cistern, if made since the patent, would have been a clear infringement on the patent as I have construed it. Having been made prior to the plaintiff's invenvention, it must, of course, be held to have anticipated it, and compels a decision that the patent is void for want of novelty.

This view of the case renders it unnecessay to consider any other of the various questions presented.

The bill is dismissed, with costs.